UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

RYAN TIPTON, JEARL TIPTON,
CLAY TIPTON, and CHASE TIPTON,
Individually and as Shareholders of
ORBIT PETROLEUM, INC., a
Nevada Corporation

        Plaintiffs,

v.   Civ. No. 08-01169 MV/WDS

JAMES FRAZIER, Individually and as
President and/or Treasurer or Orbit Petroleum, Inc.,
a Nevada Corporation, MICHAEL MEYERS,
Individually and as President of Orbit Petroleum, Inc.,
a Nevada Corporation, and ORBIT PETROLEUM, INC.,
A Nevada Corporation

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss **[Doc. Nos. 28-29]** and Plaintiffs' Motion to Dismiss Without Prejudice, as amended **[Doc. Nos. 31 & 34]**. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, will grant Plaintiffs' Motion and dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

This case arises out of a transaction involving the sale of companies and oil and gas production facilities. On October 26, 2009, Defendants filed their Motion to Dismiss **[Doc. Nos. 28-29]**. In their Motion, Defendants argue that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on the basis that the transaction was not between Plaintiffs' and Orbit Petroleum, Inc., a Nevada Corporation

("Oribt Nevada), as alleged in the Complaint, but rather was between Plaintiffs' and Orbit Petroleum, Inc., an Oklahoma Corporation ("Orbit Oklahoma").  Defendants argue that because Orbit Oklahoma (a wholly-owned subsidiary of Orbit Nevada) is presently in bankruptcy proceedings, no action can be commenced against it at this time and that this Court therefore lacks subject matter jurisdiction.  Alternatively, Defendants argue that this case should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19 for failure to join an indispensable party—namely, Orbit Oklahoma.

A week and a half later, Plaintiffs filed their Motion to Dismiss Without Prejudice **[Doc. No. 31]**, which was thereafter amended to indicate that Defendants would be opposing the motion **[Doc. No. 34]**.  In their Motion, Plaintiffs assert that they "have reached a settlement with a third party known as Vista Exploration," that Defendant Michael Myers is one of the principals of Vista Exploration, and that "[t]he agreement is contingent only upon the successful purchase by Vista of assets in the Orbit bankruptcy," which Plaintiffs believe "will be accomplished in the near future."

In short, both sides agree that this case should be dismissed.  The dispute is whether dismissal should be with or without prejudice.  While Defendants maintain that the dismissal should be with prejudice based on their pending Motion, the basis on which Defendants seek dismissal—lack of subject matter jurisdiction and/or failure to join an indispensable party—would not result in an adjudication of the claims on the merits.  Accordingly, even were this Court to find Defendants' Motion well-founded, it would result in a dismissal of this case without prejudice.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an

action for lack of jurisdiction, . . . the dismissal must be without prejudice."); *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973) ("It is fundamental . . . that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore . . . must be without prejudice."); *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1329, 1332 (Fed. Cir. 2009) (recognizing that "a dismissal for failure to join a party is not an adjudication on the merits" and accordingly "such a dismissal should be without prejudice"); *see also* Fed. R. Civ. Proc. 41(b). In light of this fact and for the additional reasons discussed below, the Court will grant Plaintiffs' Motion and dismiss this case without prejudice pursuant to Federal Rule of Civil P. 41(a)(2).

Federal Rule of Civil Procedure 41(a)(2), which governs voluntary dismissals after an opposing party answers or files a motion for summary judgment, provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir.1996) (quotation omitted). "When considering a motion to dismiss without prejudice, the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (quotation omitted). "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). The Tenth Circuit has cautioned that "[p]rejudice does not arise simply because a second action has been or may be filed against the defendant," as that is "often the whole point in dismissing a case without prejudice." *Brown v. Baeke* 413 F.3d 1121, 1124 (10th Cir. 2005). "Rather, prejudice is a function of other, practical factors including: 'the opposing party's effort and expense in

preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation.'" *Id.* (quoting *Ohlander*, 114 F.3d at 1537). These factors, however, "are neither exhaustive nor conclusive" and a court must be "sensitive to other considerations unique to the circumstances of each case." *Id.* In determining whether dismissal without prejudice is appropriate pursuant to Rule 41(a)(2), the Court "should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *Id.* (quotation omitted).

  Here, the Court finds that weighing the aforementioned factors and equities in this case, voluntary dismissal without prejudice is appropriate and will not unfairly affect Defendants. Defendants' primary argument is that Plaintiffs' motion for voluntary dismissal is an improper attempt to avoid an adverse ruling on Defendants' "dispositive motion" to dismiss. *See Phillips USA, Inc.*, 77 F.3d at 358 ("a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice"). As noted above, however, Defendants' Motion to Dismiss does not address the merits of this case and even if it were granted, it would result in a dismissal without prejudice. Accordingly, this case is distinguishable from those in which a party seeks voluntary dismissal to avoid an adverse judgment on the merits. Moreover, as Defendants themselves acknowledge, though this case has been pending for some time, "the case is still in the early stages of litigation" **[Doc. No. 37 at 8]**. There has been very little discovery in this case and no depositions have taken place. Thus, this is not a case in which the party opposing dismissal has incurred significant efforts and expense in preparing for trial. Additionally, this Court finds that Plaintiffs have presented a good reason for seeking

dismissal at this stage in the litigation—namely, their desire not to continue to litigate in light of the pending third-party settlement.  Finally, while Defendants argue that Plaintiffs have not been diligent in prosecuting their case and that there has been excessive delay, it appears that the alleged lack of diligence in moving forward with discovery is largely attributable to settlement efforts.  And while this Court acknowledges that the instant motion could have been brought earlier, it does not find the delay to be excessive, particularly in light of the fact that the third-party settlement is contingent upon the successful purchase of assets.  Accordingly, for the foregoing reasons, this Court will grant Plaintiffs' Motion to Dismiss.

While Defendants also request that this Court place as a condition on any voluntary dismissal without prejudice a requirement that Plaintiffs pay Defendants' costs of the dismissed action in the event a complaint is re-filed, this Court declines to impose such a condition.  In the event Plaintiffs re-file this case, Defendants may re-file their Motion to Dismiss to the extent they deem it appropriate.  Accordingly, it would take minimal effort by Defendants to put the same issues before the Court.  The Court therefore does not find that Defendants would be required to incur significant duplicative costs merely to "end up where we are today."

As the Court finds that dismissal without prejudice is appropriate pursuant to Federal Rule of Civil Procedure 41(a)(2), it will not decide the merits of  Defendants' Motion to Dismiss, as that Motion is moot in light of the above.  Additionally, this Court finds that Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion to Dismiss, as amended **[Doc. Nos. 32 & 33]**, is also moot based on the above.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Dismiss Without Prejudice, as amended **[Doc. Nos. 31 & 34]**, is **GRANTED**.  Additionally, in light of the dismissal, this Court finds Defendants' Motion to Dismiss **[Doc. Nos. 28-29]** and Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion to Dismiss, as amended **[Doc. Nos. 32 & 33]**, are **MOOT**.

DATED this 1st day of July, 2010.

_____
**MARTHA VAZQUEZ**
**Chief United States District Judge**

Attorney for Plaintiffs:
  Doug Perrin, Esq.

Attorneys for Defendants:
  Andrew M. Sanchez, Esq.
  Daniel J. Behles, Esq.